NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0623n.06

No. 19-3128

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BASIM ABDOULZAHRA AL-SAEDI, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Nov 04, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW |
| WILLIAM P. BARR, Attorney General, | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| Respondent. | ) | APPEALS |
| | ) | |

Before: MOORE, McKEAGUE, and LARSEN, Circuit Judges.

LARSEN, J., delivered the opinion of the court in which McKEAGUE, J., joined, and MOORE, J., joined in the result.

LARSEN, Circuit Judge. Facing removal from the country, Basim Al-Saedi applied for protection under the Convention Against Torture (CAT). But an immigration judge (IJ) found Al-Saedi not credible, which was reason alone to deny his application. The Board of Immigration Appeals (BIA) dismissed Al-Saedi's appeal from the IJ's decision, concluding that Al-Saedi had waived any challenge to the adverse credibility determination and that, in any event, the IJ's adverse credibility determination was not clearly erroneous. Before this court, Al-Saedi makes no challenge to the adverse credibility determination, even though this determination constitutes a dispositive reason for denying his application. For the reasons stated, we DENY Al-Saedi's petition for review.

I.

Al-Saedi is a native and citizen of Iraq. He arrived in the United States in October 1996 and was granted asylum in March 1997. In 2007, Al-Saedi was convicted in Michigan state court as an accessory after the fact to murder. In 2014, the Department of Homeland Security issued a Notice to Appear, stating that Al-Saedi was subject to removal pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who had been convicted of a crime involving moral turpitude, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who applied for admission without valid entry documents. Al-Saedi conceded the first ground for removability but disputed the second. He also sought relief from removal. In March 2014, the IJ found Al-Saedi removable on both grounds, terminated Al-Saedi's asylum status, denied his request for relief from removal, and ordered him removed to Iraq.

Al-Saedi was not removed from the country. And in February 2018, he moved to reopen his case before the IJ, requesting deferral of removal under the CAT and arguing that changed country conditions made it more likely than not that he would be tortured upon his return to Iraq. The IJ granted Al-Saedi's motion to reopen. After a hearing, however, the IJ denied Al-Saedi's request for CAT protection. Due to multiple discrepancies between Al-Saedi's testimony before the IJ and his current and original applications for relief, the IJ found Al-Saedi not credible and noted that Al-Saedi's application could be denied "on that basis alone." The IJ also concluded that, even if Al-Saedi were deemed credible, he still could not show that it was more likely than not that he would be tortured on his return to Iraq.

Al-Saedi appealed to the BIA, but the BIA dismissed his appeal. The BIA said that Al-Saedi had waived any challenge to the IJ's adverse credibility determination by not meaningfully challenging it and that, in any event, the IJ did not clearly err in finding Al-Saedi not credible. The

BIA agreed with the IJ that, even if Al-Saedi were deemed credible, he was not entitled to CAT protection.

Al-Saedi petitioned this court for review. Before we could rule on his petition, however, Al-Saedi informed us that a state court had vacated the criminal conviction that supported his removability pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). Consequently, we held Al-Saedi's petition in abeyance while he pursued a motion to reopen before the BIA in light of these new facts. On October 1, 2020, the BIA denied Al-Saedi's motion to reopen. The BIA determined that Al-Saedi is no longer removable as an alien convicted of a crime involving moral turpitude. But the BIA noted that the IJ had also found Al-Saedi removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Because Al-Saedi did not contest that he was removable for this independent reason, the BIA denied his request to reopen the removal proceedings. Al-Saedi has petitioned for review of the BIA's denial of his motion to reopen. That petition is not before this panel. Accordingly, we address only Al-Saedi's appeal from the denial of his application for CAT protection.

II.

To obtain relief on appeal, Al-Saedi must first show that the agency erred in finding him not credible. The IJ reviewing Al-Saedi's application for CAT protection found Al-Saedi not credible, and the BIA affirmed that determination. Both found the adverse credibility determination fatal to Al-Saedi's ability to show that he would be subject to torture upon his return to Iraq and, accordingly, to his application for CAT protection. This is consistent with our caselaw. *See Luna-Romero v. Barr*, 949 F.3d 292, 294 (6th Cir. 2020) ("An adverse credibility finding is usually fatal to an applicant's ability to prove entitlement to . . . protection under the Convention Against Torture." (quoting *Rubio-Mauricio v. Barr*, 782 F. App'x 444, 446 (6th Cir. 2019)); *Korir v. Sessions*, 700 F. App'x 514, 519 (6th Cir. 2017) ("[I]f the IJ finds that an applicant is incredible,

and there is no independent persuasive evidence, this 'necessarily disposes' of his application [for] . . . protection under the CAT." (quoting *Slyusar v. Holder*, 740 F.3d 1068, 1074 (6th Cir. 2014))).

But Al-Saedi's appeal says nothing about the adverse credibility determination. Even after the Attorney General raised the credibility determination as a stand-alone reason for denying the petition for review in this court, Al-Saedi's reply brief was still silent on this point.[1] Instead, each of Al-Saedi's arguments before this court address the IJ's and BIA's alternative analyses, in which they assumed Al-Saedi was credible for the sake of fully addressing his application. Yet despite these alternative analyses, the adverse credibility determination remains, and we cannot overlook its effect on his application for CAT protection. Given that Al-Saedi has raised no arguments challenging the agency's credibility determination, we must deny his petition. *See Luna-Romero*, 949 F.3d at 294.

\* \* \*

We DENY Al-Saedi's petition for review.

---

[1] In its initial brief before this court, the government argued that 8 U.S.C. § 1252(a)(2)(C) and (D) deprived this court of jurisdiction to review the adverse credibility determination. While this appeal was pending, however, the Supreme Court decided *Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020), which held that the jurisdictional limitations in § 1252(a)(2)(C) and (D) do not apply to CAT orders. *See also Kilic v. Barr*, 965 F.3d 469, 473 (6th Cir. 2020). As such, we review adverse credibility determinations, and other factual findings, "under the 'highly deferential' substantial-evidence test, meaning those findings stand 'unless any reasonable adjudicator would be compelled' to disagree." *Id.* (quoting *Nasrallah*, 140 S. Ct. at 1692). But here, Al-Saedi has raised no challenge to the credibility determination for us to review under any standard.